**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**WILLIAM V. NEWSOM, JR.,**

**Plaintiff,**

**vs.** **CASE NO. 1:07CV125-MP/AK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

**Defendant.**

**_____________________________/**

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's continuing disability insurance benefits under Title II of the Act (DIB) and supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

### A. PROCEDURAL HISTORY

Plaintiff was found disabled as of December 11, 1996, because of rhabdomyolysis anasarca and polyneuropathy, but after a continuing disability review

his disability was found to have ceased on July 1, 2002. A hearing was held on June 23, 2004, and an unfavorable decision rendered by the ALJ on September 21, 2004. On April 24, 2007, the Appeals Council denied request for review of this decision, and the present complaint for judicial review was filed.

**B. <u>FINDINGS OF THE ALJ</u>**

The ALJ found that there had been medical improvement in the Plaintiff's impairments since June 10, 1997, and therefore, his disability ceased. The ALJ found him "somewhat credible" regarding his limitations, but not to the extent that he could not perform all work activity. Specifically, the ALJ found that Plaintiff was 38 years old at the time of the hearing with past experience as a meat cutter, but who had not worked since December 11, 1996. She found that Plaintiff had dermatomyositis and arthralgias, impairments which were severe, but which did not meet the listings. At the time of the comparison point decision in June 10, 1997, plaintiff was admitted to the hospital in respiratory failure with weakness, suffered renal failure, and had surgery, but by April 1999, he was found to be stable. Follow up visits on January 22, 2003, May 28, 2003, August 27, 2003, and January 21, 2004, all noted that his condition was stable with generalized weakness but increased activity. The ALJ noted that Plaintiff had "fairly substantial daily activities," and found support for her finding that he was capable of residual functional capacity in Dr. Chodosh' opinion and the opinions of non-examining state agency physicians. Also, Plaintiff's treating physician Dr. McMillan opined in January 2003, that while he was not capable of full time work at that time, he anticipated that this would be an achievable goal. Thus, the ALJ found him capable of sedentary

work, his past relevant work as a meat cutter was heavy, so he was precluded from his past relevant work, but according to the Medical Vocational Guidelines, there is work he can perform given that he is a younger individual (38 years old at the time of the decision), he has a 12th grade education and a skilled work background and is capable of working at a sedentary level as of July 1, 2002.

**C. ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in finding medical improvement, specifically that the medical record supports his subjective complaints of pain and fatigue.

The government responds that Plaintiff has failed to cite any evidence that the ALJ's assessment that he can perform sedentary work is not supported by evidence when in fact it is supported by Dr. Chodosh. The ALJ also expressed her reasons for giving weight to the report of Dr. Chodosh, as well as articulated her reasons for discounting Plaintiff's subjective complaints.

**D. STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education,

and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Once a claimant becomes entitled to disability benefits, their continued entitlement must be reviewed periodically. 20 CFR §416.994(a). An individual's disability will be found to have ceased if there has been medical improvement related to the individual's ability to work or one of the exceptions to medical improvement applies and the individual is able to engage in substantial gainful activity. Id. Medical improvement is defined as the decrease in the medical severity of the impairment(s) which were present at the time of the most recent favorable medical decision that the claimant was disabled. 20 CFR §416.994(b)(1)(I).

There are seven sequential steps the ALJ uses in reviewing the question of whether disability continues. 20 CFR §404.1594 and §416.994. The review may end and benefits may be continued at any point if it is determined that the individual is still unable to engage in substantial gainful activity.

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have a severe impairment that meets or equals those listed in Appendix 1 of 20 C.F.R. Part 404?

3. Has there been medical improvement and, if so, is it related to the ability to work?

4. Do any exceptions to the medical improvement standard apply?

5. Does the individual have a severe impairment or combination of impairments?

6. Can the individual do past relevant work?

7. Can the individual do any other work?

The exceptions to medical improvement referred to in Step 4 are:

1. The individual has benefitted from advances in medical or vocational therapy or technology (related to his ability to work).

2. The individual has undergone vocational therapy (related to his ability to work).

3. Based on new or improved diagnostic or evaluative techniques, the individual's impairment is not as disabling as it was considered to be at the time of the most recent favorable decision.

4. Any prior disability decision was in error.

5. The individual is currently engaging in substantial gainful activity.

The regulations provide that the review may end at any time and the individual's disability may be found to have ended at any time if one of the following exceptions is established:

1. A prior determination was fraudulently obtained.

2. The individual does not cooperate.

3. The individual cannot be found.

4. The individual fails to follow prescribe treatment which would be expected to restore his ability to engage in substantial gainful activity.

20 CFR §416.994(e).

If a claimant's most recent favorable decision was based on meeting a listing and medical improvement has occurred, the ALJ will find that the medical improvement was related to the ability to work. 20 CFR §416.994(b)(2)(iv)(A).

The regulations provide that an individual’s disability will be found to have ended in the month the evidence shows that the individual is no longer disabled, but not earlier than the month in which the Social Security Administration mails a notice providing the information that shows an individual is no longer disabled. 20 CFR §416.994(g).

**E. <u>SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY</u>**

In late 1996, Plaintiff began having weakness and muscle pain, various dermotological issues which was believed to be some viral syndrome, but which caused him to be re-hospitalized on January 11, 1997, with respiratory and renal failure. (R. 250, 304, 309-316). The diagnosis was rhabdomyolysis (rapid loss of muscle tissue and release into bloodstream) secondary to dermatomyositis, an inflammatory muscle disease. The renal and respiratory failures resolved and he began a course of physical therapy. (R. 360-368). In follow up examinations, his condition was found to have stabilized with no recurring severity, although he experienced occasional rashes and generalized muscle weakness. (R. 379-393, 407, 425, 459-460, 466-468). Since approximately 2000, he has shown improvement and stability. (R. 578).

In a consultative examination on June 26, 2002, Dr. Chodosh’ impression was:

> 1. History of dermatomyositis, with significant functional limitations on presentation. The claimant appears to have made good progress with his disease, and seems relatively functional. He complains of localized weakness in specific muscular areas, and some functional limitations as record above. Exam is consistent with at least mild limitations and significant de-conditioning s

2. In my opinion, and based only on objective evidence: The claimant is able to see, hear, and speak normally. He is able to walk and stand to a moderate degree, but cannot walk long distances rapidly, or stand continuously for long periods of time. He is able to sit normally. He is able to bend occasionally, and to lift and carry up to 15

pounds occasionally and for short periods of time. He is able to squat with difficulty, and is probably not able to kneel or crawl to any significant degree. He is able to handle only light objects, and no over head. He is able to travel. He is able to comprehend and follow directions, and is able to relate normally to others. (R. 476-480).

Residual functional capacity assessments in October 2002, found him to have the capacity for sedentary work. (R. 482-497).

In an examination dated January 22, 2003, he was found to have continued muscle pain, stiffness and weakness, with "disabling fatigue," with a worsening of gastro symptoms. (R. 562). He believed "at present he is not capable of returning to a full time work schedule, [but] we do see this as a potentially achievable goal." (R. 563).

Again, in May 2003, Plaintiff was determined to be in remission with improved strength and he was maintained on current doses of medication and directed to continue with physical therapy. (R. 556-557).

In January 2004, Plaintiff's lab work was normal, his dermatomositis was stable on medication, and he was scheduled for follow up in four months. (R. 543-544).

Medical records in February 2004 show only mild degenerative changes in the cervical spine and negative MRI of the lumbar spine. (R. 594-595).

**F. <u>SUMMARY OF THE ADMINISTRATIVE HEARING</u> (June 23, 2004)**

Plaintiff was 38 years old at the time of the hearing. (R. 604). He testified that he had not worked since the onset of his symptoms in late 1996, and his condition remained the same. (R. 609). His primary complaint is fatigue and "severe muscle pain." (R. 610). He does everyday chores, including taking his 4 year old son to

daycare, but must rest before completing them. (R. 610). He attempts hunting and fishing, but is limited by muscle pain and fatigue. (R. 618-620).

A vocational expert was called and testified that Plaintiff's past relevant work as a meat cutter was heavy and skilled. No other information was obtained from the expert.

**G. DISCUSSION**

Plaintiff argues that the record does not support a finding of medical improvement as of July 2002. However, the ALJ based her finding of medical improvement on the consultative examination by Dr. Chodosh on June 26, 2002, that as of July 1, 2002, his disability had ceased. As noted above, Dr. Chodosh found "good progress with the disease," mild limitations primarily due to de-conditioning, and noted complaints of weakness, but not pain. Dr. Chodosh found him capable of a full range of sedentary work compromised only by some postural limitations. Dr. Chodosh' finding was also supported by the RFC dated October 21, 2002, as well as the treatment notes of Plaintiff's treating physicians at Shands.

The ALJ chose June 1997 as the comparison point decision which at that time Plaintiff was seriously limited in his ability to walk or stand, he was seriously ill and hospitalized in renal failure. After his release from the hospital, there are relatively few medical records treating this condition until 2002. This factor also indicates improvement.

At step five the Commissioner may in certain cases rely upon the Medical-Vocational Guidelines to carry his burden of proving that there are jobs which claimant

can do despite his inability to perform his past relevant work. The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level." Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992). See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995). "It is only when the claimant can clearly do unlimited types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted). Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that significantly limits his basic work activities. Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990). Where use of the grids is not appropriate, and the Commissioner has not made specific findings as to the availability of particular jobs that exist in substantial numbers in the national economy which the Claimant can do despite his limitations, the proper course is for the court to remand for such factfinding. Welch v. Bowen, 854 F.2d 436, 439-440 (11th Cir. 1988).

Pain is a nonexertional impairment only if the ALJ finds that it significantly limits basic work activities, and at this point would preclude application of the grids. See Foote v. Chater, 67 F.3d at 1559. However, Dr. Chodosh found Plaintiff capable of a full range of exertional motions unlimited by pain such as sitting normally, walking and standing for moderate lengths of time, and lifting up to 15 pounds occasionally. Based

on the medical evidence of record, the ALJ's decision was fully supported by the record.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED.**

At Gainesville, Florida, this 30th day of July, 2009.

s/ A Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**